Filed 7/17/26  P. v. Hammond CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B350717 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. XCNBA152037) |
| v. | |
| RICHARD HAMMOND, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, H. Clay Jacke II, Judge.  Affirmed.

Richard Hammond, in pro. per.; Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————

A jury convicted Richard Hammond of first degree murder and two counts of attempted premeditated murder.  Thereafter, Hammond petitioned for resentencing under Penal Code section 1172.6,[1] which limited accomplice liability for some murder-related crimes.  The trial court denied the petition at the prima facie stage on the ground that the record of conviction established Hammond was not convicted under an invalid theory of murder liability.  Hammond appeals from the order denying his petition.  His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216.  We directed counsel to provide a copy of the record to Hammond, and Hammond filed a supplemental brief.  We affirm the order denying Hammond's petition.

## BACKGROUND

This case arises out of a gang-related drive-by shooting in which a witness identified Charles Morgan as the shooter and Hammond as a passenger who yelled a gang challenge.[2]

---

[1]    All further undesignated statutory references are to the Penal Code.

Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)

[2]    The background is from this division's opinion affirming Hammond's judgment of conviction on direct appeal, *People v. Morgan and Hammond* (Sept. 17, 2002, B142609) [nonpub. opn.] (*Hammond*).  (See generally *People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*) [appellate opinion generally part of record of conviction in § 1172.6 proceedings].)  We reference the evidence described therein only "for background purposes and to provide context for the parties' arguments."  (*People v. Flores* (2022) 76 Cal.App.5th 974, 978, fn. 2, disapproved on another ground in *People v. Patton* (2025) 17 Cal.5th 549, 569.)  We do not rely on

A jury convicted Hammond of first degree murder (§ 187, subd. (a)) and two counts of attempted willful, deliberate and premeditated murder (§§ 664, 187, subd. (a)).  The jury also found true as to the murder count the special circumstance allegation that it was intentional and perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person or persons outside the vehicle with the intent to inflict death (§ 190.2, subd. (a)(21)).  The jury found personal gun use allegations not true as to all counts.

The same jury convicted codefendant Morgan of the same crimes and allegations, except it found true personal gun use allegations as to him.

In 2000, a court sentenced Hammond to life without parole for the murder count and two consecutive life terms for the attempted murder counts.

This division affirmed Hammond's judgment of conviction on direct appeal.  (*People v. Hammond*, *supra*, B142609.)  In affirming, the appellate court rejected an argument that the trial court's improper instruction on the drive-by special circumstance allegation required reversal.  That is, the trial court had incorrectly instructed the jury it could find a drive-by special circumstance allegation true if it found either that Hammond had the intent to kill or he acted with reckless indifference to human life as a major participant.[3]  The appellate court noted that the

_____

these facts in assessing whether the trial court properly concluded that Hammond failed to make a prima facie showing of eligibility for resentencing.  (*Flores*, at p. 988.)

[3]      The trial court instructed the jury that if it found a defendant guilty of first degree murder, it had to determine

3

prosecutor likely exacerbated the error by stating in closing argument that "you have to decide that he acted with reckless indifference to human life and that is defined here. [¶] The defendant acts with reckless indifference to human life when that defendant knows or is aware his acts involve a grave risk of death to a human being. [¶] You have to believe whatever his level of aiding and abetting was that made him a major participant when he did participate in this, he knew there was a grave risk of death to another human being before you can find a special circumstance." The appellate court found the instructional error to be harmless beyond a reasonable doubt because the jury was correctly instructed on first degree murder and on attempted premeditated murder. (*Ibid.*)

In 2023, Hammond filed a form section 1172.6 petition for resentencing. Later, appointed counsel filed a second petition,

---

whether the murder was committed by the intentional discharge of a firearm from a motor vehicle with the intent to inflict death. (CALJIC No. 8.80.1.) The instruction further stated, "If you find that defendant Hammond was not the actual killer of a human being, or if you are unable to decide whether the defendant was the actual killer or an aider and abettor, you cannot find the special circumstance to be true as to defendant Hammond unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree, *or with reckless indifference to human life and as a major participant, aided, abetted … or assisted in the commission of the crime of murder*." (CALJIC No. 8.80.1, italics added.) The italicized language should not have been given because the drive-by murder special circumstance requires a finding of specific intent to kill. (*People v. Chavez* (2004) 118 Cal.App.4th 379, 385–386.)

4

which argued that the aiding and abetting instruction, CALJIC No. 3.00, erroneously stated principals in a crime are "equally guilty."

In response to the petition, the People argued that Hammond was not prosecuted under the felony murder or natural and probable consequences theories or any other theory under which malice could have been imputed to him. Instead, Hammond was convicted under the still viable theory of direct aiding and abetting. The People agreed that Hammond's jury had been incorrectly instructed on the drive-by special circumstance. Nonetheless, the People argued that the jury's verdicts convicting Hammond of first degree murder and attempted premeditated murder established that it necessarily found he had an intent to kill. The People attached as exhibits the opinion affirming Hammond's judgment on direct appeal, jury instructions, the verdicts, and the reporter's transcript of the closing argument. The instructions included CALJIC Nos. 8.20 [deliberate and premeditated murder], 8.25.1 [first degree drive-by murder], 8.67 [attempted murder], and 3.00 & 3.01 [aiding and abetting].[4]

On December 1, 2025, the trial court denied the petition.

This appeal followed. Hammond's appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *People v. Delgadillo*, *supra*, 14 Cal.5th 216. Hammond filed a supplemental letter brief in which he took responsibility for the crimes but denied

---

[4] The prosecutor had initially proceeded on the theory that Hammond and Morgan were both shooters. But when the jury said it was deadlocked, the trial court instructed the jury on aiding and abetting.

5

acting with reckless indifference to human life, admitted he gave the gun to a fellow gang member but denied being in the car during the shooting, and cited his exemplary record while incarcerated.

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) and subsequent related legislation limited accomplice liability under the felony-murder rule, eliminated the natural and probable consequences doctrine as it relates to murder, and eliminated convictions for murder based on a theory under which malice is imputed to a person based solely on that person's participation in a crime.  (See generally *People v. Reyes* (2023) 14 Cal.5th 981, 986; *Lewis*, *supra*, 11 Cal.5th at pp. 957, 959; *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).)  Effective January 1, 2022, Senate Bill No. 775 (2021–2022 Reg. Sess.) expanded resentencing eligibility to persons convicted of attempted murder under the natural and probable consequences doctrine or manslaughter.  (See generally *People v. Gallegos* (2024) 105 Cal.App.5th 434, 441.)

Senate Bill 1437 added section 188, subdivision (a)(3), which provides that "to be convicted of murder, a principal in a crime shall act with malice aforethought" and malice "shall not be imputed to a person based solely on his or her participation in a crime."  Senate Bill 1437 also amended the felony-murder rule by adding section 189, subdivision (e), which provides that a participant in the perpetration of qualifying felonies is liable for felony murder only if the person (1) was the actual killer, (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor, or (3) the person was a major participant in the underlying felony and acted with reckless indifference to

6

human life, as described in section 190.2, subdivision (d).  (*Gentile*, *supra*, 10 Cal.5th at p. 842.)

Senate Bill 1437 created a procedure, codified at section 1172.6, for a person convicted of murder under the former law to be resentenced if the person could not be convicted of those crimes under current law.  (*Lewis*, *supra*, 11 Cal.5th at p. 959; *Gentile*, *supra*, 10 Cal.5th at p. 847.)  A defendant commences that procedure by filing a petition containing a declaration that, among other things, the defendant could not be convicted of murder under current law.  (*People v. Strong* (2022) 13 Cal.5th 698, 708.)

At this prima facie stage, the trial court takes as true the petitioner's factual allegations and assesses whether the petitioner would be entitled to relief if those allegations were proved.  (*Lewis*, *supra*, 11 Cal.5th at p. 971.)  The trial court may look at the record of conviction, including jury instructions, verdicts, and closing argument, to determine readily ascertainable facts such as the crime of conviction.  (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815; see, e.g., *People v. Harden* (2022) 81 Cal.App.5th 45, 56.)  If at the prima facie stage the record of conviction establishes that the petition is meritless, the trial court may dismiss it.  (*Lewis*, at p. 971.)

The record of conviction here establishes that Hammond was ineligible for resentencing as a matter of law.  Hammond's jury was not instructed on the natural and probable consequences doctrine or felony murder.  Instead, the trial court instructed the jury on direct aiding and abetting with CALJIC Nos. 3.00 and 3.01.  Direct aiding and abetting remains a valid theory of murder after the passage of Senate Bill 1437.  (*Gentile*, *supra*, 10 Cal.5th at p. 848.)

7

With respect to the aiding and abetting instructions, Hammond argued that the "equally guilty" language in CALJIC No. 3.00 created an ambiguity regarding his required intent. However, *People v. Johnson* (2016) 62 Cal.4th 600, 641, held that where CALCRIM No. 401—CALJIC No. 3.01's successor—is also given, "there was no reasonable likelihood the jurors would have understood the 'equally guilty' language in CALCRIM former No. 400 to allow them to base defendant's liability for first degree murder on the mental state of the actual shooter, rather than on defendant's own mental state in aiding and abetting the killing." (*Johnson*, at p. 641.)

Nor does the error in the drive-by special circumstance instruction establish a prima facie case for resentencing relief. Section 190.2, subdivision (a)(21), provides for a special circumstance, with a penalty of death or life without parole, where "[t]he murder was intentional and perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person or persons outside the vehicle with the intent to inflict death." (See generally *People v. Richee* (2025) 111 Cal.App.5th 281, 301.) Unlike other special circumstance allegations, the drive-by special circumstance requires an intent to kill. (*Ibid.*) Here, however, the drive-by murder special circumstance instruction, CALJIC No. 8.80.1, improperly contained language that the jury could find the drive-by special circumstance allegation true if Hammond acted with reckless indifference to human life and as a major participant.

Nonetheless, the jury necessarily found that Hammond acted with express malice aforethought and intent to kill, because it convicted him of first degree murder and of attempted premeditated murder. (See, e.g., *People v. Richee, supra,* 111

Cal.App.5th at p. 303; see *In re Lopez* (2023) 14 Cal.5th 562, 579 [when an aider or abettor who acts with personal mens rea of premeditation and deliberation, knowingly and intentionally assists another to kill someone, aider and abettor is guilty of first degree premeditated murder].)

Finally, the arguments Hammond raised in his supplemental brief appear to concern alleged error at his trial, including a challenge to the credibility of trial witnesses. However, a section 1172.6 petition is not a vehicle to relitigate alleged trial errors. (See, e.g., *People v. Coley* (2022) 77 Cal.App.5th 539, 549 [§ 1172.6 "is not a means by which a defendant can relitigate issues already decided"]; *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["mere filing" of § 1172.6 petition doesn't afford petitioner new opportunity to raise trial error claims or attack sufficiency of evidence to support jury's findings]; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [§ 1172.6 is not a direct appeal].) These issues therefore are not properly before us.

## DISPOSITION

The order denying Richard Hammond's Penal Code section 1172.6 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ASHWORTH, J.*

We concur:


ADAMS, Acting P. J.


HANASONO, J.

---

\*     Retired Judge of the El Dorado Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.